UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| | ) |
| And | ) Case No. 2:24-cv-10596 |
| | ) |
| **MARK FULTZ** | ) |
| | ) Judge: |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| **Canton Welcome, Inc.,** a Michigan for profit corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiffs, **LELAND FOSTER**, individually and **MARK FULTZ,** individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against the Defendant, Canton Welcome, Inc., a Michigan for-profit corporation for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, **Leland Foster**, and Plaintiff, **Mark Fultz** on behalf of each individually and individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act

of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiffs are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Plaintiff, Mark Fultz ("Plaintiff" or "Mr. Fultz"), is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

6. Canton Welcome, Inc. owns or operates a place of public accommodation, a hotel known as The La Quinta Inn by Wyndham Detroit Canton, A Wyndham Hotel, that is located at 41211 Ford Rd Canton, MI 48187 in Wayne County. Plaintiffs have patronized and have been guests at Defendant's hotel located therein as a place(s) of public accommodation.

7. Upon information and belief, the hotel owned and operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility is a hotel, which constitutes a place of public accommodation, and fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body. He uses a manual wheelchair and motorized scooter for mobility and can occasionally walk short distances with the use of a cane.

9. Raised in Michigan, Mr. Fultz has relatives including his son, daughter, grandchildren, and cousins in suburban Detroit. Plaintiff frequents many establishments in the Wayne County region and has been a customer at the property that forms the basis of this lawsuit.

10. Mr. Fultz patronized the Defendant's hotel while in town to visit with his grandchildren and to participate in a group family vacation they took to northern Michigan. While attempting to stay as an overnight guest on Saturday, October 9, 2021 at Defendant's place of public accommodation, upon arrival Mr. Fultz was notified that his reservation for a mobility accessible guestroom was no longer available. Mr. Fultz had made and confirmed his reservation a week in advance. There was no effort made to notify Mr. Fultz prior to his arrival that his room would not be made available to him. This barrier denied Mr. Fultz to have protected access to Defendant's place of public accommodation.  28 CFR § 36.302(E)(1)(v)

11. Mr. Fultz searched the vicinity for an available accessible guestroom and there were none.  Instead he was resigned to sleep on his sister's sofa as a result of Defendant's failure to guarantee his room reservation.

12. Mr. Fultz encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Mr. Foster's safety.

13. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

14. Mr. Foster is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including weekly adaptive tennis, frequent adaptive rock wall climbing, kayaking, adaptive hand cycle events and skiing in Southeast Michigan.  Through his participation in adaptive sports, Leland Foster has established many friendships in the area with whom he socializes regularly and with whom he frequents many establishments in Canton, Michigan and surrounding area, including the Defendant's property that form the subject of this complaint.

15. Plaintiff Leland Foster also obtains medical treatment in southeast Michigan including regular physical therapy at Level Eleven Physical Therapy in Howell, MI and his primary care doctors are located at Michigan Medicine, the University of Michigan hospital in Ann Arbor, MI.  These trips too also require occasional overnight accommodations.

16. Plaintiff Leland Foster has been an overnight hotel guest at the property that forms the basis of this lawsuit on September 27, 2014, August 4, 2015 and

most recently on or about October 18, 2021, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.  He has been a guest in room numbers 123 and 127.

17. During Plaintiff Leland Foster's stays, and most recently on the night of October 18, 2021, Mr. Foster encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Mr. Foster's safety.

18. The Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiffs have reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

19. Plaintiffs desire to visit the Defendant's place of business again on future occasions, not only to avail themself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

20. The Defendant has discriminated against the Plaintiffs Leland Foster and Mark Fultz by denying them access to the full and equal enjoyment of the

goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

21. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiffs in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

22. A preliminary inspection of the hotel owned by the Defendant, Canton Welcome, Inc. has shown that many violations of the ADA exist, whose remedies are readily achievable. These violations include, but are not limited to:

**Parking and Accessible Route**

A. In the parking lot, the hotel passenger loading zone does not have a marked access aisle, in violation of the ADA section 503.2 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is readily achievable.

B. In the parking lot, the designated accessible parking spaces entirely lack painted striping or it is otherwise extremely poorly maintained and these spaces lack required adjacent access aisles, in violation of the ADA section 502.3. of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.

C. In the parking lot, there is no signage identifying parking as a 'van accessible' stall, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is readily achievable.

D. The accessible route to the lobby entrance has gaps and changes in level in the sidewalk greater than ¼ inch, in violation of the ADA and section 302.2 and 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.2 and 4.5.4, whose remedy is strictly required or is at minimum readily achievable.

E. There is no accessible route to the hotel sides entrance due to curb at the sidewalk, in violation of the ADA whose remedy is readily achievable.

F. Outside the lobby entrance, there is floor mat at the door that is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is readily achievable.

**Access to Goods and Services**

G. At the lobby registration desk, the counter height exceeds 38 inches above the finished floor and a lower transaction counter is not provided, in violation of the ADA section 904.4 of the 2010 Standards and 1991 ADAAG section: 7.2(1), whose remedy is readily achievable.

H. Within the lobby, the floor mat at the door is not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is readily achievable.

**Unisex Restroom**

I. In the unisex lobby restroom, the toilet seat covers are placed too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

J. In the unisex lobby restroom, the rear wall grab bar is not 36 inches wide in length and does not extend adequately from the centerline of the toilet, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or is at minimum readily achievable.

K. In the unisex lobby restroom, the toilet paper is located within 12 inches above the side grab bar, impairing its use, and also is not located 70 to 9 inches minimum in front of bowl, in violation of the ADA and sections 609.3 and 604.7 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or is at minimum readily achievable.

L.  In the unisex lobby restroom, the sink is missing the required knee and toe clearances, in violation of the ADA section 306.3 of the 2010 Standards and 1991 ADAAG section 4.24.3, whose remedy is readily achievable.

M. In the unisex lobby restroom the mirror above the vanity is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

**Mobility Accessible Guest Room #123**

N. In mobility accessible guestroom number 123, the room door security latch is too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

O. In mobility accessible guestroom number 123, the wall lamps are not accessible because they require tight grasping, pinching, or twisting of the wrist to operate, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4, whose remedy is readily achievable.

P.  In mobility accessible guestroom number 123, the drape wands are not accessible because they require tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is readily achievable.

Q. In mobility accessible guestroom number 123, the drape wands are too high and out of the maximum side reach range, in violation of the ADA and section 308 of the 2010, Standards whose remedy is readily achievable.

R. In mobility accessible guestroom number 123, the clear door width of the closet door is out of compliance, in violation of the ADA section 404.2.3 of the 2010 Standards and 1991 ADAAG section 4.13.5, whose remedy is strictly required or, at minimum, readily achievable.

S. In mobility accessible guestroom number 123, desk in the room does not provide required knee clearance, in violation of the ADA and Section 306.3.3 of the 2010 Standards and Section 4.32.3 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

T. In mobility accessible guestroom number 123 bathroom, the towel rack is too high and out of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

U. In mobility accessible guestroom number 123 bathroom, the required clear floor space of 60 inches at the water closet is not met, in violation of the ADA section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.18.3, whose remedy is readily achievable.

V. In mobility accessible guestroom number 123 bathroom, the toilet is located too far away from the side wall and is not 16 inches minimum to 18 inches maximum measured to centerline of the water closet, in violation of the ADA and section 604.2 of the 2010 Standards and 1991 ADAAG section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

W. In mobility accessible guestroom number 123 bathroom, the rear wall grab bar is not 36 inches wide in length and does not extend adequately from the centerline of the toilet, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or is at minimum readily achievable.

X. In mobility accessible guestroom number 123 bathroom, the flush handle is not located on the open side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is strictly required or at minimum is readily achievable.

Y. In mobility accessible guestroom number 123 bathroom, the toilet paper is located within 12 inches above the side grab bar, impairing its use, and also is not located 70 to 9 inches minimum in front of bowl, in violation of the ADA and sections 609.3 and 604.7 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or is at minimum readily achievable.

Z.  In mobility accessible guestroom number 123 bathroom, a bathtub seat is not provided, in violation of the ADA section 607.3 of the 2010 Standards, whose remedy is readily achievable.

AA. In mobility accessible guestroom number 123 bathroom, the handheld shower sprayer is located above allowable reach range and does not have an on/off valve as required, in violation of the ADA and Section 308.2.1 and 607.6 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

BB. In mobility accessible guestroom number 123 bathroom, the bathtub grab bars are missing or out of compliance (Back Wall), in violation of the ADA section 607.4.1.1 of the 2010 Standards and Section 4.20.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

CC. In mobility accessible guestroom number 123 bathroom, the height of the mirror is out of compliance, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is readily achievable.

DD. In mobility accessible guestroom number 123 bathroom (sink located in guestroom near entryway outside bathroom), the water and drainpipes under the

lavatory are not insulated to protect against scalding and contact in violation of the ADA Section 606.5 of the 2010 Standards and Section 4.19.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

**Mobility Accessible Guest Room #127**

EE. In mobility accessible guestroom number 127, the room is also fitted with a bathtub and is largely identical to room number 123 and has substantially same barriers to handicap access which require remedying for the benefit of the Plaintiffs and guests with mobility impairments.

**Guestrooms Generally**

FF. Upon information and belief, the La Quinta Inn by Wyndham Detroit Canton has a legally insufficient number of guestrooms equipped with mobility features. Whereas a hotel with 99 rooms, such as this one, is required to have four guestrooms equipped with mobility features without a roll-in shower and one equipped with a roll-in shower, totaling five guestrooms.

GG. Upon information and belief, Leland Foster and Mark Fultz believe substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just rooms #123 and 127). Including the other bathtub fitted mobility

accessible guestrooms.

HH. Upon information and belief there are no mobility accessible guestrooms equipped with a roll-in shower whereas a minimum of one is required, in violation of the ADA whose remedy is strictly required or at minimum readily achievable.

**Policies and Procedures**

II. The Defendant lacks or has inadequate defined policies and procedures for the benefit and assistance of disabled patrons and guests, including a policy for maintaining its accessible features.

JJ. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster and Mark Fultz.

KK. Mr. Fultz's reserved mobility accessible guestroom was given away to another customer. Guests who require an accessible transient lodging guestroom and have made a reservation, this room shall not be given to another guest, in violation of 28 CFR § 36.302(E)(1)(v) which guarantees that an individual with disabilities who requires the specific accessible guest room reserved through the hotel's reservations service, that room is held for

the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

23. The discriminatory violations described in paragraph 22 by Defendant Canton Welcome, Inc. is not an exclusive list of the ADA violations at the place of public accommodation. Plaintiffs require further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure *all* of the discriminatory acts, barriers to access and areas of non-compliance with the Americans with Disabilities Act. The Plaintiffs and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

24. Plaintiff restates the allegations of ¶¶1-23 as if fully rewritten here.
25. The facility at issue, as owned by Canton Welcome, Inc. is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

26. The Plaintiffs were unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of

disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiffs and others with disabilities unless and until Defendant is compelled to implement non-discriminatory policy and remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiffs.

27. The Plaintiffs, and others similarly-situated, are presently without adequate remedy at law and are damaged by irreparable harm. Plaintiffs reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to implement non-discriminatory policy, remove the physical barriers and dangerous conditions, and ADA violations that exist at the hotel, including those set forth herein.

28. Pursuant to 42 U.S.C. §12187, Plaintiffs requests that the Court issue an injunction requiring Defendant to bring this hotel property into full compliance with the ADA or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to

disabled persons. In connection with that relief, Plaintiffs requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, M.C.L. § 37.1301 *et seq*.

29. Plaintiff restates the allegations of ¶¶1-28 as if fully rewritten here.

30. The Defendant Canton Welcome, Inc.'s hotel is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

31. Defendant has committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiffs the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, and in particular, the Defendant has failed to create and provide any accessible guestroom with any compliant toilets, or compliant bathtubs that a person with mobility issues can suitably bathe oneself or to provide any roll-in shower. This risks Mr. Foster, Mr. Fultz and others' safety as well as treats them disparately from able-bodied travelers. In addition, the Defendant has failed to maintain accessible features of its parking lot or create an accessible means for the registration check-in process.

32. Defendant failed to maintain Mr. Fultz reservation for a mobility accessible guestroom. This caused him to suffer distress, embarrassment, inconvenience, and monetary damages.

33. Pursuant to M.C.L §37.1606, Plaintiffs are entitled to compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiffs demand,

For **COUNT I**, an injunction requiring Defendant bring the hotel property into full compliance with the ADA or to, at minimum, make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, award compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow

full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.

Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
Telephone: (419) 241-9661
Monroe, MI (734) 240-0848
Facsimile: (419) 241-9737
Email: dunnlawoffice@sbcglobal.net